IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES BURRELL, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 12-1565-RGA |
| PHILIP MORGAN, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

**MEMORANDUM**

Petitioner James Burrell ("Burrell") has filed a document titled "Petition for a Writ of Habeas Corpus" ("petition"), dated November 19, 2012. (D.I. 1) Burrell was arrested on August 22, 2012 for violating his probation with respect to an unidentified Pennsylvania conviction. He was detained at the Howard R. Young Correctional Institution in Wilmington, Delaware, and refused to waive extradition. Burrell's extradition hearing was originally set for September 20, 2012, but was continued for sixty days. On November 19, 2012, Burrell was taken to court and was informed that he would be transported to Pennsylvania. *Id.* He was extradited to Media, Pennsylvania on November 21, 2012. (D.I. 5) Burrell requests immediate release on the basis that Delaware detained him longer than the ninety-day period applicable to extradition cases. *See* Del. Code Ann. tit. 11, §§ 2501-2530 (Uniform Criminal Extradition Law).

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily

dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." See Rule 4, 28 U.S.C. foll. § 2254. Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982).

An accused may challenge the legality of his extradition proceedings via a petition for writ of habeas corpus. See Roberts v. Reilly, 116 U.S. 80 (1885). However, "[o]nce the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or detention there is no longer at issue." See Barton v. Norrod, 106 F.3d 1289, 1298 (6th Cir. 1997). Accordingly, because Burrell has been returned to Pennsylvania, the demanding state, the court will summarily dismiss as moot the instant petition challenging his detention in Delaware. The court also declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011). A separate order follows.

May 13, 2013
DATE

/s/ Richard Andrews
UNITED STATES DISTRICT JUDGE

2